IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER WASCO,

    Plaintiff,

v.                                      Civil No. 03-794 WJ/RHS

HERBERT M. SILVERBERG,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss [Docket No. 6]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

Plaintiff's Complaint alleges that Defendant was his attorney in an age discrimination in employment case against the State of New Mexico Environment Department. Plaintiff contends that Defendant committed malpractice with regard to his representation of Plaintiff on the employment claim. Defendant's alleged acts of malpractice include a lack of diligence and promptness with regard to Plaintiff's case, and a failure to communicate with Plaintiff. Plaintiff filed a malpractice claim against Defendant in state court which is still pending. Plaintiff's Complaint in this case asserts that Defendant has continued to commit acts of malpractice during the pendency of the state malpractice case by failing to timely file an answer to the state malpractice complaint, falsely representing to the state court that he was not properly served, failing to file responses to various pleadings, and failing to appear at a pre-trial conference. Plaintiff's Complaint alleges that these various acts by Defendant violated Plaintiff's rights to due

process and equal protection under the Fourteenth Amendment of the Constitution of the United States and under Article III Section 18 of the Constitution of the State of New Mexico.

The Fourteenth Amendment states in pertinent part that. "No state shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 42 U.S.C. § 1983 states in pertinent part that: Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

Both the state action requirement of the Fourteenth Amendment and the under color of state law requirement of Section 1983 exclude from reach merely private conduct no matter how discriminatory or wrongful. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). The state action requirement of the Fourteenth Amendment forbids the government, and the government alone, from engaging in certain activities. Gilmore v. Salt Lake Community Action Program, 710 F.2d 632, 635 (10th Cir. 1983).  Thus, in order to state a claim under Section 1983 for violation of the Fourteenth Amendment, a plaintiff must allege facts from which it can be inferred that the defendant is a state actor whose conduct is fairly attributable to the state. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).

Plaintiff's allegations against Defendant do not state a claim over which this Court has subject matter jurisdiction.  While Plaintiff attempts to bring federal claims by asserting violations of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983, Plaintiff makes no

allegations from which the Court may infer that defendant is a state actor whose conduct is fairly attributable to the State of New Mexico.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Docket No. 6] is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE